UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81252-CIV-MARRA/JOHNSON

WACHOVIA FINANCIAL SERVICES,
INC., and WACHOVIA BANK, N.A.,

    Plaintiffs
vs.

HARVEY BIRDMAN, et al.,

    Defendants.
_____/

### ORDER AND OPINION DENYING MOTION TO STAY OR DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Stay, or, Alternatively, Motion to Dismiss [DE 10]. The motion is fully briefed and ripe for review. The Court has carefully considered the relevant filings, the Court file, and is otherwise fully advised in the premises.

Introduction

On August 28, 2009, Plaintiffs Wachovia Financial Services, Inc. ("Wachovia Financial") and Wachovia Bank, N.A. ("Wachovia Bank") (collectively, "Wachovia") filed this action (the "Florida Action") against five persons who are sued individually and as trustees of various revocable trusts. DE 1 ¶¶ 4-23. Plaintiffs allege that the individually named defendants (and five of the trusts) are the principal borrowers (collectively, "**Guarantors**" or "**Line of Credit Borrowers**") under an unsecured revolving line of credit promissory note (and all related renewals, amendments, and

agreements) (collectively, the "**Line of Credit**")[1] with Wachovia Bank, in the principal amount of $4,500,000.00. *See* Complaint ("Compl."), Ex. N-Q.

CBCC Development, LLC ("CBCC"), a non-party to this proceeding, was developing a resort property in Crested Butte, Colorado, commonly known as "Elevation Hotel & Spa" ("Hotel"). In a separate transaction, the Guarantors executed Guaranty Agreements as an inducement for Wachovia Financial to enter into a loan agreement with CBCC in the principal amount of $49,900,000.00 (collectively, the "Crested Butte Loan Documents). *See* Compl. Ex. D-M.

Wachovia brings four separate claims in the present case: Breach of Contract by Guarantors (Count I); Breach of Contract by Line of Credit Borrowers (Count II); Violations of the Florida Uniform Fraudulent Transfer Act, Fla. Stat. 726.101 *et seq.* (Count III); and unjust enrichment (Count IV). Wachovia seeks a money judgment against all of the defendants and also seeks incidental equitable relief. Among other relief, Wachovia Bank is seeking to recover the amounts due under the Line of Credit, and Wachovia Financial is seeking to recover the amounts due under the Guaranty Agreements.

Five days before the Complaint was filed here, Plaintiff Wachovia Financial filed a Complaint in Foreclosure in Colorado state court against CBCC (the "Colorado Action"). DE 10, Ex. A. In the Colorado Action, Wachovia Financial seeks to foreclose

---

[1] Non-party CBCC Development LLC is not a party to the Line of Credit.

on the Hotel project for all amounts allegedly due and payable by CBCC under the CBCC Loan, *i.e.*, $49 million (the "CBCC Debt"), the same purported debt linked to the Guaranty Agreements.

A motion to compel arbitration and stay the Colorado Action has been filed by CBCC.  DE 10, Ex. B.  The Colorado Court has yet to rule on that motion, which is opposed by Wachovia Financial.  DE 14, Ex. A.  Defendants here move to dismiss this Florida Action for lack of subject matter jurisdiction, or, alternatively, to stay this proceeding pending the outcome of arbitration in Colorado.  Defendants' motion will be denied.

Subject Matter Jurisdiction

Defendants assert that Wachovia's claims here are not ripe, are not sufficiently defined or concrete, that Wachovia lacks standing, that Wachovia does not make out a case or controversy, and that Wachovia has not suffered an injury in fact.

While Defendants recognize that the Line of Credit is not a CBCC obligation, they insist that the linkage of that debt to, and the use of its proceeds in, the CBCC Hotel project is a disputed issue to be litigated in the Colorado court.   DE 10 at 6, 9 DE 18 at 3.  "The proposed stay [in the Florida Action] would alleviate the need to push forward with litigation regarding a debt, the amount of which will be determined only in the Colorado Action and may be invalidated entirely.  Allowing time for the disposition of the Colorado Action would avoid the unnecessary expenditure of resources in this case by both the parties and the Court.  It is wasteful

to proceed with litigation over the responsibility for a debt the amount of which must first be determined in another case and which could ultimately be declared invalid." DE 18 at 3-4.  Defendants confuse issues of constitutional standing with the policy of conserving judicial resources.

Contrary to Defendants' assertions, Wachovia has standing and the claims are ripe based upon events which allegedly have already occurred and allegedly injured Wachovia.  The Line of Credit Borrowers are alleged to have defaulted under the terms of the Line of Credit by failing to pay the past due principal balance and interest, and by failing to maintain a minimum unencumbered liquidity of at least $15,000,000 at all times.  *See* Compl. ¶ 53, Ex. P, ¶ 5e.  The Line of Credit claims are based upon entirely separate unsecured loan documents, which have no connection to the claims made in the Colorado Action.  Wachovia Bank, the Line of Credit lender, is not a party to and has no connection with the Colorado Action.

Paragraph 1 of each Guaranty Agreement expressly provides:

> Guarantor, jointly and severally, hereby guarantees and becomes surety to Bank *for the full, prompt, and unconditional payment of the Liabilities, when and as the same shall become due*, whether at the stated maturity date, by acceleration or otherwise, and the full, prompt, and unconditional performance of each term and condition to be performed by Borrower under the "Loan Documents" (as defined below).  This Guaranty is a primary obligation of Guarantor and shall be a continuing inexhaustible remedy.  *This is a guaranty of payment and not of collection*.  Bank may require Guarantor to pay and perform its liabilities and obligations under this Guaranty and *may proceed immediately against Guarantor without*

> *being required to bring any proceeding or take any action against Borrower*, any other guarantor or any other person, entity or property prior thereto, the liability of Guarantor hereunder being joint and several, and *independent of and separate from the liability of Borrower*, any other guarantor or person, and the availability of other collateral security for the "Note" (as defined below) and the other loan documents.

DE 1, Ex. D-M (emphasis added).

This clear language expressly authorizes Wachovia to proceed immediately against the Guarantors, without being required to bring any proceeding or take any action against CBCC.  Nor is Wachovia required to obtain a final adjudication of liability against CBCC prior to seeking relief under the Guaranty Agreements. Wachovia clearly has standing to assert a claim against the Guarantors for breach of the Guaranty Agreements, which is the claim alleged in Count I.

Defendants' argument that Wachovia's claims are not mature and should be dismissed or stayed until resolution of the Colorado Action is directly contradicted by the express terms of the Guaranty Agreements.  Since the Guarantors executed Guaranty Agreements expressly authorizing Wachovia Financial to proceed immediately against them, independent of any claims against CBCC, Defendants' request that Count I be dismissed or stayed pending resolution of the Colorado Action will be denied.

Counts II, III, and IV are independent of, and have no relation to, the Colorado Action.  Count II is brought by Wachovia Bank, a non-party to the Colorado Action,

not Wachovia Financial.  In Count II, Wachovia Bank seeks to recover against the Line of Credit Borrowers for non-payment on the Line of Credit and failing to maintain the minimum unencumbered liquidity of at least $15,000,000.

Counts III and IV arise out of alleged fraudulent transfers by the Line of Credit Borrowers/Guarantors, and are also wholly independent of the Colorado Action and CBCC's failure to perform under the Crested Butte Loan Documents.  As is plain from the face of the Complaint, Wachovia alleges that, by liquidating their assets (through conveyances to the remaining defendants or "Transferees"), the Line of Credit Borrowers/Guarantors have violated Florida law and have been unjustly enriched. *See* Compl. ¶¶ 60-79, 92-104; Ex. C ¶ 8.7, Ex. D-M, ¶ 7.5.  These claims are ripe.  The fact that these alleged acts also constitute events of default under the Crested Butte Loan Documents and Guaranty Agreements does not affect the ability of Wachovia to file these claims at the present time.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay, or, Alternatively, Motion to Dismiss [DE 10] is **DENIED.**  Defendants shall file their answers to the Complaint on or before January 4, 2010.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of December, 2009.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record